PETITIONERS APPEARING PRO SE:
**CHRYSHAWNA A. WEBB**
**JEREMY WEBB**
Farmersburg, IN

ATTORNEYS FOR RESPONDENT:
**THEODORE E. ROKITA**
ATTORNEY GENERAL OF INDIANA
**MICHELLE R. WYATT**
**SHELBY M. STOUDER**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN



FILED
Jul 16 2026, 5:01 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| CHRYSHAWNA A. and JEREMY WEBB, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Case No. 25T-TA-00029 |
| ) | |
| SULLIVAN COUNTY ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

---

### ORDER ON PETITIONERS' MOTION TO SUPPLEMENT THE CERTIFIED RECORD

---

FOR PUBLICATION
July 16, 2026

MCADAM, J.

The Webbs ask this Court to supplement the certified administrative record in this appeal with the transcript of a court hearing—evidence not presented before the Indiana Board of Tax Review. The transcript in question is from a small claims hearing held in Sullivan County Superior Court on March 4, 2024, Cause No. 77D01-2312-SC-000532. The Webbs want to introduce the transcript because they contend that it contains "material evidence directly relevant to the issues before this Court," namely testimony

from various people about the tax sale that led to this appeal.[1] Because the Webbs fail to demonstrate that the transcript meets the statutory requirements for this Court to consider evidence outside the record, this request must be denied.

Generally, "[w]hen a litigant fails to present evidence to the Board, the Court may not consider that evidence on appeal," unless exceptions referenced in Indiana Code Section 33-26-6-5 apply. *Prop. Dev. Co. Four, LLC v. Grant Cnty. Assessor*, 42 N.E.3d 182, 184 & n.1 (Ind. Tax Ct. 2015). Section 5 provides three criteria which must be met for the Court to consider such evidence. First, the evidence must "relate[] to the validity of the [Board's final] determination at the time it was taken." IND. CODE § 33-26-6-5(b) (2026). Second, it must be "needed to decide disputed issues regarding one [] or both of the following: (1) Improper constitution as a decision making body or grounds for disqualification of those taking the agency action[;] (2) Unlawfulness of procedure or decision making process." *Id.* Third, it "could not, by due diligence, have been discovered and raised in the administrative proceeding giving rise to a proceeding for judicial review." *Id.*

The requirements of Section 5 focus on two factors to determine if the new evidence may be considered: what the evidence is intended to show and when the evidence first became available. The small claims hearing transcript fails to qualify for the exception under either of these factors. Because the Webbs do not show that the transcript meets every requirement, the Court cannot consider it.

---

[1] In support of their request, the Webbs cite Indiana Trial Rule 53.2 and Indiana Tax Court Rule 14, but neither rule is relevant here. Trial Rule 53.2 allows for a cause that has been tried to be transferred to the Indiana Supreme Court for appointment of a special judge if the court does not rule within 90 days after taking it under advisement. Ind. Trial Rule 53.2. Tax Court Rule 14 governs how and where certain Tax Court records are filed and kept. Ind. Tax Court Rule 14. Neither addresses when this Court may consider evidence outside of the administrative record.

First, the Webbs do not show that this evidence meets the content requirement. That is, they do not show that it "relates to the validity of the determination at the time it was taken," nor that it "is needed to decide disputed issues regarding" either the Board's constitution or the lawfulness of the procedures it used. IND. CODE § 33-26-6-5(b). Indeed, by their characterization, the evidence is relevant to the "Petitioners' claim that the underlying tax sale and assessment proceedings violated due process and that the seizure of personal property was state action under color of law." (Pet'rs Mot. to Suppl. R. at 2.) In other words, the transcript may be relevant to the Webbs' substantive claims before the Board and the correctness of the decision, but not to the validity of the Board's determination, its constitution, or the lawfulness of the procedure it used.

Second, the Webbs do not show that the transcript meets the timing requirement, namely that it "could not, by due diligence, have been discovered and raised" during proceedings before the Board. IND. CODE § 33-26-6-5(b). By their characterization, this evidence was absent "because the small claims hearing occurred before the [Board] hearing and involved different parties." (Pet'rs Mot. to Suppl. R. at 1.) But neither of those reasons would make it unavailable. The Webbs were party to both matters—the Board appeal and the small claims matter. Nothing about the timing or sequencing of the proceedings appears to have precluded the Webbs from offering the transcript as evidence before the Board.

## NOTE ON THE USE OF ARTIFICIAL INTELLIGENCE

The Webbs refer to various court rules in their motion to support their request to supplement the record. While the rules the Webbs cite do exist, they plainly do not stand for any of the propositions that the Webbs advance. This leads the Court to

believe that the Webbs used generative AI in producing their Motion to Supplement the Record.

The Court recognizes the benefits of generative AI, especially for self-represented parties like the Webbs, and does not wish to dissuade its responsible use. But that does not relieve attorneys and self-represented litigants of their duty to independently verify the authenticity and accuracy of authoritative sources cited to the Court. Courts "must be able to rely on the authenticity of the authorities cited by the parties to make just decisions." *Williams v. Kirch*, 268 N.E.3d 284, 288 (Ind. Ct. App. 2025).

Generative AI tools are not reliable for legal citation and "frequently generate fictitious case names and citations." *Wilcox v. Gingrinch*, 274 N.E.3d 1269, 1277 (Ind. Ct. App. 2026). Even when such tools do cite authentic cases, they frequently mischaracterize their meaning or essential holdings. *See, e.g.*, *Sanders v. United States*, 176 Fed. Cl. 163, 170 (Fed. Cl. 2025) ("AI programs can generate fake case citations and other legal misstatements."). S*ee generally* Isabel Gottlieb & Isaiah Poritz, *Popular AI Chatbots Found to Give Error-Ridden Legal Answers*, BLOOMBERG L., (Jan. 12, 2024), https://news.bloomberglaw.com/us-law-week/legal-errors-by-top-ai-models-alarmingly-prevalent-study-says (discussing research from Stanford University that found, out of 200,000 questions, "[l]arge language models hallucinate at least 75% of the time when answering questions about a court's core ruling"). While this technology will undoubtedly be refined and improved in the course of time, litigants must continue to exercise care to ensure that the information gleaned from such sources is reliable and accurate.

Accordingly, the Court admonishes the Webbs for failing to confirm the accuracy of their legal presentations but will impose no further penalties. Going forward, the Webbs should be mindful of their duty to verify the accuracy and authenticity of future filings. At a minimum, the Webbs should review reliably sourced copies of the rules and legal authorities used in any document filed with the Court to confirm that they support the proposition advanced.[2]

## CONCLUSION

The transcript in question does not meet either the content or the timing requirements prescribed by Indiana Code Section 33-26-6-5. For these reasons, the Webbs have not demonstrated that this Court may consider the evidence in question. Accordingly, the Court DENIES the Petitioners' Motion and cautions them against relying on artificial intelligence without reviewing reliable source materials.

SO ORDERED this 16th day of July 2026.

Justin L. McAdam
Judge, Indiana Tax Court

Distribution:
Chryshawna Webb, Jeremy Webb, Michelle Wyatt, Shelby Stouder

---

[2] The Indiana Supreme Court publishes the official Court Rules online, available at https://rules.incourts.gov/Content/index.htm. The legislature publishes the official Indiana Code online, available at https://iga.in.gov/laws/2026/ic/. And there are many publicly available databases that compile cases that may prove useful, such as Legal Information Institute, Justia, Google Scholar, FindLaw, and Court Listener.